IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF NAYSHAUN UCH WILLIAMS, *by and through its Administrator, AISHA CLAYTON* | : | CIVIL ACTION |
| | : | No. 25-6121 |
| v. | : | |
| CITY OF PHILADELPHA, *et al.* | : | |

**ORDER**

AND NOW, this 6th day of November, 2026, upon consideration of Plaintiff's unopposed Motion for Certification of Partial Final Judgment (Dkt. No. 49), it is ORDERED that the Motion for Certification of Partial Final Judgment (Dkt. No. 49) is GRANTED.

Pursuant to Federal Rule of Civil Procedure 54(b), this Court's August 18, 2026 Order (Dkt. No. 46) is certified as a final judgment as to Counts I, II, IV, and V against the City of Philadelphia and individual DHS employees Felicia R. Harrison, Ashley John, Dwayne C. Jones, and Alonzo Lyas.[1]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] There is "no just reason for delay." Fed. R. Civ. P. 54(b). The issues Plaintiff seeks to appeal—whether Plaintiff can establish the fourth element of a state-created danger claim, and whether the individual DHS employees have immunity under the Pennsylvania Political Subdivision Tort Claims Act—are discrete and "separable from the others remaining to be adjudicated." *Carter v. City of Philadelphia*, 181 F.3d 339, 346 (3d Cir. 1999) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). Because these issues apply uniquely to the dismissed Defendants, "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Finally, denial of an immediate appeal poses a risk of duplicative trials: one for the remaining defendants *now*, and another trial for the dismissed defendants *later*. Judicial economy thus favors certification of partial final judgment.